IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

FILED

2005 FEB 11  P 4:40

U.S. DISTRICT COURT
BRIDGEPORT, CONN

DAVID CALDWELL
    Petitioner

Vs.

CASE NO.: CIV-04-930-SRU
CR-02-54-SRU

UNITED STATES OF AMERICA
    Respondent
_____/

## DECLARATION OF DAVID CALDWELL IN SUPPORT OF HABEAS CORPUS MOTION PURSUANT TO 28 U.S.C. § 2255

COMES NOW, Petitioner, David Caldwell, and acting in a Pro-se status, renders this Declaration in support of his Habeas Corpus petition, pursuant to 28 U.S.C. § 2255. He states the following in support.

I, David Caldwell, do hereby declare under the penalty of perjury that the forgoing statements are true and correct to the best of my knowledge, pursuant to 28 U.S.C. § 1746.

I am the same David Caldwell, that plead guilty to a one count indictment charging me with the sale of 1.4 grams of cocaine base in the above entitled criminal matter. I am also the same individual that filed a Habeas Corpus petition attacking such guilty plea. I now file this Declaration to support my § 2255, I furthermore, will make a few clarification of my legal claims as well as a few factual clarification.

On August 2, 2004, I filed a Pro-se motion requesting a stay on the final determination of my § 2255. My reasons for taking

such actions were founded in the United States Supreme Court's holding in **United States v. Booker,** ---S. Ct.---, 2005 WL 50108 (U.S.). Accordingly, the ruling in **Booker, supra,** does in fact effects my case in a number of legal assertions. The United State Supreme Court held in **Booker, supra,** that the statutory maximum of a crime, is the maximum authorized by the jury verdict or admitted to by the defendant.

After reviewing the opinion, I've come to realize that my plea of guilty was entered without my full understanding of the law, at that time. Please allow me to explain myself.

First, the government asserts in their response to my § 2255 that I am time barred, because I fail to file within one year of my conviction. However, the government's assertion is incorrect, and the application of equitable tolling should be applied to my case. After my sentencing, I had instructed my attorney to file a notice of appeal, because I wanted to appeal my sentence, on the grounds that it was too harsh. It is my belief that an 11 year sentence for the sale of 1.4 grams of cocaine base is too harsh. When I informed my attorney of this fact, he said that he would look into it and make a determination as to whether or not to file an appeal. Since then, I've waited months to hear from him on the matter of appeal, however, he never wrote me once. Then two months prior to my filing the § 2255 I wrote a letter to my attorney, requesting the status of my appeal, see attached copy of said letter. However, he never wrote back and after waiting for two months I decided to file my § 2255. My point is this, on the application form of my § 2255, I explained to this

Honorable Court that "(1) Counsel stated there were no appealable issues, and (2) guided by this opinion, counsel failed to file notice of appeal." See page 3 of § 2255 form. I made this assertion based on the conversation I had with my trial attorney and his lack of response to my letter dated 4-2-04. Now and after receiving the government's response to my § 2255, I realized that no appeal was ever filed. I was always under the impression that an appeal would be filed, however, I didn't know for sure that it was filed. Because of these factors, I assert to this Honorable Court that my § 2255 should not be deemed filed untimely. I did not know whether or not an appeal was filed, but, was under the impression that one will be filed.

I respectfully request this Honorable Court to apply the holding in **Booker, supra,** to my case and for the foregoing reasons my plea of guilty does not, in accordance with my constitutional rights, does not render my sentence legal.

On August 2, 2004, I filed a Pro-se motion requesting this Honorable Court to grant a stay on the final determination of my § 2255, because of the **Booker, supra,** opinion. When I entered a plea of guilty to the one count indictment, I did so without the full understanding of the law. I was indicted for an alleged sale of 1.4 grams of cocaine base, in violation of 21 U.S.C. § 841 (a). At the time of my change of plea hearing, trial counsel had informed me that a guilty plea was my best option. According to him, I had to enter a plea of guilty to the one count indictment, with the full understanding that I was going to be classified as a career offender, under § 4B1.1 of the United

3

States Sentencing Guidelines. By pleading in this form, my base offense level would be 32 and with a criminal history of 6, I was facing a sentencing range of 151 to 188 months of imprisonment. From this point I was informed by trial counsel that a downward departure can be sought. I was compelled by trial counsel's advise and plead guilty to the sale of 1.4 grams of cocaine base.

However, after understanding the law a little more than before, I've come to realize that I should have never plead guilty under the terms of the government's plea agreement. At no time before my change of plea hearing, did trial counsel advised me of the legal provision for enhancing a defendant's base offense level because of his prior convictions. At no time was ever advised that the government had to seek such enhancements through the statutory provision of 21 U.S.C. § 851. Furthermore, I was never informed that under the career offender provision of the United States Sentencing Guidelines, both of my prior convictions have to be for a serious drug trafficking crime. Both of my prior convictions do not meet this requirement.

Furthermore, under the statutory provision of 21 U.S.C. § 851, I would be awarded an opportunity to challenge my prior convictions, where as under the career offender I would not be allowed to do so. The statutory provision of § 851 states the following:

> "§ 851 proceedings to establish previous convictions ... (b) Affirmation or denial of pervious conviction. If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as

4

> alleged in the information and shall inform him that that any challenged to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."

Courts have held that failure to comply with § 851 renders the sentence illegal, see **United States v. Garrett,** 565 F. 2d 1065 (9th Cir. 1977) and **United States v. Cevallos,** 538 F. 2d 1122 (5th Cir. 1976). Unless the judge complies with § 851 (b) in imposing an enhanced sentence, the legal requirements for lawful imposition of an enhanced sentence have not been met, and thus the enhanced sentence in fact exceeds the normal statutory maximum which the judge is otherwise authorize to impose.

The plain language of the statue clearly states that the court shall inquire of the defendant whether he admits or denies that he has previously been convicted as the information served by the government states. There is no ambiguity and no exception in the statutory requirement. The government must give notice to a defendant that it intends to enhance the defendant's sentence based on a prior conviction.

In my case, the government never gave notice in accordance with § 851, however, enter an agreement with me that would classify me as a career offender, under the United States Sentencing Guidelines. Had I known that the government must file a notice of enhancement, in accordance with, I would have not plead guilty as a career offender, because, under § 851 I had an opportunity to challenge my prior convictions, whereas under the career offender I do not have such an option.

The ruling in **Booker, supra,** plays a great significance to my claim.

5

In **Booker, supra,** the United States Supreme Court held that 18 U.S.C. § 3553 (b) is the statutory provision that gives the United States Sentencing Guidelines its mandatory power. In other words, a defendant's statutory maximum is the maximum sentencing range under the United States Sentencing Guidelines. In my case, I plead guilty to the sale of 1.4 grams of cocaine base. Under the United States Sentencing Guidelines, 1.4 grams of cocaine base renders an offense level of 18, see U.S.S.G. § 2D1.1 (c). Now considering my criminal history points at 6, my statutory maximum is 33-41 months of imprisonment. If the government wanted to enhance my sentence beyond this prescribe statutory maximum it should have filed a notice of enhancement, see **Blakely v. Washington,** 524 ___ (2004) and **Booker, supra,** compare with **Garrett, supra,** and **Cevallos, supra.**

The career offender provision of the United States Sentencing Guidelines doe in fact applies to the rule stated in **Booker, supra.** The career offender provision, U.S.S.G. § 4B1.1, sets the base offense level at the maximum term of imprisonment for the statutory crime of conviction. In my case the statutory maximum for the sale of 1.4 grams is 21 U.S.C. § 841 (b) (1) (C) (20 years). Under § 4B1.1 of the United States Sentencing Guidelines the base offense level of 32 is based on the statutory maximum of 20 years. It is my assertion that the Supreme Court's holding in **Booker, supra,** renders my sentence unconstitutional, because said sentence was enhanced above the prescribe statutory maximum of 41 months, on facts that I did not admit to during my guilty plea hearing. i was never informed that I was being enhanced to the statutory maximum of 20 years based on the fact

6

of my prior convictions for the sale of a controlled substance.

## THE SUPREME COURT'S HOLDING IN BOOKER SHOULD BE APPLIED RETROACTIVELY TO MY § 2255

Unlike the Supreme Court's ruling in **Apprendi v. New Jersey**, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), **Booker, supra,** was not a new rule of law, under the test of **Teague v. Lane,** 489 U.S. 288 (1989). The Supreme Court in **Booker, supra,** held that the United States Sentencing Guidelines violates a defendant's Sixth Amendment right, when a Judge and not a jury or admitted to by a defendant, finds a fact that enhances a sentence beyond the prescribe statutory maximum. In making this ruling the United States Supreme Court had interpret a criminal statute, i.e. 18 U.S.C. § 3553 (b), and held that it violated a defendant's Sixth amendment right to the United States Constitution, when a Judge and not a jury finds a fact that enhances a defendant's base offense level.

According to the Court, the Statutory provision of the United States Sentencing Guidelines are mandatory and a sentencing court is bonded by the Guidelines' base offense levels. However, this bonding authority is limited when a defendant's Sixth Amendment right is in question. The Court held that Guidelines should now be considered advisory and not mandatory, the Court held that the word Court under 18 U.S.C. § 3553 (b) should be considered the Court with the jury and not the Court alone. Interpreting the statute in this manner would comply with a defendant's Sixth amendment right, see **Booker, supra.**

Before a federal petitioner can upset his state conviction or sentence on federal collateral review, he must demonstrate as a threshold matter that the court made rule of which he seeks the benefit is not "new". The Supreme Court has stated variously the formula for determination when a rule is new, see **Graham v. Collins,** 506 U.S. 461, 467, 122 L. Ed. 2d 260, 113 S. Ct. 892 (1993) (" A holding constitutes a 'new rule' within the meaning of **Teague** if it 'breaks new ground.' imposes a new obligation on the states or the Federal Government, or was not dictated by precedent existing at the time the defendant's conviction became final.").

The **Teague, supra,** inquiry is conducted in three steps. First the date on which the defendant's conviction became final is determined, see **Lambrix v. Singletary,** 520 U.S. 518, 527, 137 L. Ed. 2d 771, 117 S. Ct. 1517 (1997). My conviction became final in 2003.

Next, this Honorable Court considers whether a court considering a defendant's claim would have felt compelled by existing precedent to conclude that the rule he seeks was required by the United States Constitution, see **Saffle v. Parks,** 494 U.S. 484, 108 L. Ed. 2d 415, 110 S. Ct. 1257 (1990).

In my case, there was existing case law that would have compelled the Honorable Court to conclude that the Constitution requires the rule I'm seeking in **Booker, supra.** As this Honorable Court well knows, **Apprendi, supra,** and the cases

leading up to **Apprendi, supra,** were all decided prior to my conviction becoming final. Therefore, at the time of my criminal proceeding, trial counsel could have asserted the same claims I am in my Habeas Corpus Motion.

As clearly indicated above, the rule announced in **Booker, supra,** is not new, when taking the first two steps established by the Supreme Court in determining whether a rule is new or not. As for the third step, it is not applicable to my case, because the rule is not new.

## CONCLUSION

**WHEREFORE,** I hope and pray that this Honorable Court would consider my claims as asserted in this declaration. I know that I've asserted two prior claims on my § 2255, however, and since the Supreme Court's holding in **Booker, supra,** I respectfully request this Honorable Court to consider my **Booker, supra,** claims.

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Respectfully submitted

*David Caldwell*

David Caldwell, Pro-se

Reg. #14469-014
F.C.I. Otisville
P.O. Box 1000
Otisville
New York 10963

## CERTIFICATE OF SERVICE

I HEREBY, certify that a true and correct copy of the foregoing was mailed to James J. Finnerty, Assistant United States Attorney, Connecticut Financial Center, 157 Church Street, New Haven, Ct. 06510, on this 24th day of January 2005, by prepaid first class United States Postage Stamps.

Respectfully submitted

*David Caldwell*

David Caldwell, Pro-se

9

Mr. Schwartz, 4/2/04

Hello! This is Sketty, I have been calling your office. One time you secretary answered and told me that you were at court and that she would leave a message to you and you never responded. After that time I have been trying to reach but now noone is accepting my call. I would like to know what is going on with my appeal I inquired you to file, even though you say there isn't any appealable issues, But you would draw it up and submit it for me. I'm sure that you probably filed it but you haven't sent anything to me or called my counselor to let me know anything. Because 11yrs. for 1.4 grams of base is crazy.

Also I had ask you about getting my addressess back from the D.E.A and straighten out that "so called" threatening of the informant issue you said you'll take care of because you know I told you that I never threatened any one. That was made up. Because now there telling me that it might affect what jail I go to and my year off for the 500 hr drug program. Can you write me back ASAP or let me know when is the best to possible to contact you. take it easy

David Caldwell

David Caldwell #14469-014