FILED

2005 MAR -1  P 2: 57

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| V. | : CRIMINAL NO. 3:02CR00054(SRU) |
| DAVID CALDWELL | : February 28, 2005 |

## AFFIDAVIT OF ALEXANDER H. SCHWARTZ, ESQ.

Personally appeared, Alexander H. Schwartz, who, being duly sworn, deposes and says as follows:

1. I am above the age of eighteen years, and I believe in the obligations of an oath.

2. I was appointed by the Court to represent the petitioner, David Caldwell, in the government's prosecution of him for violating 21 U.S.C. §841(a)(1) and (b)(1)(C).

3. I am aware that Mr. Caldwell is pursuing a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his conviction because he claims I rendered ineffective counsel to him during the government's prosecution. I provide this affidavit based upon the Court's February 22, 2005 Order on the government's February 16, 2005 Request for An Order.

4. On April 9, 2003, the Court sentenced Mr. Caldwell to a 132 month term of incarceration followed by a 3 year period of supervised release. Immediately after

1

Court recessed and Mr. Caldwell was taken from the courtroom, I spoke with him about filing an appeal of his sentence. I advised him that I did not see any extant appealable issues to be raised, particularly since the Court had granted his Motion for Downward Departure and sentenced Mr. Caldwell below the sentencing range of 151 to 188 months called for in the April 12, 2002 plea agreement between himself and the government. Nevertheless, I informed him that if he instructed me to file a notice of appeal, I would do so. I also informed him that he had 10 days from the date of his sentencing within which to file a notice of appeal. Mr. Caldwell specifically told me that he did not wish to appeal his sentence. I again advised him of the 10 day requirement of Fed. R. App. P. 4(b)(1)(A) and that it was imperative for him to file that notice, or inform me to file it on his behalf, in order to preserve his right to appeal. I then left the courthouse.

4. Mr. Caldwell called me at approximately 1:10 PM on April 14, 2003 from Donald Wyatt Detention Facility in Central Falls, Rhode Island. Attached hereto as Exhibit A is a copy of the file memo I dictated immediately after our telephone call ended on that day. "Sketty" is Mr. Caldwell's nickname. The contents of Exhibit A are consistent with my recollection of the substance of our telephone call that day.

5. Based upon Mr. Caldwell's statements to me on April 9 and April 14, 2003, I did not file a notice of appeal in his case.

6. I have seen copy of a letter addressed to me dated "4/2/04" that is

attached to the January 24, 2005 "Declaration of David Caldwell in Support of Habeas Corpus Motion." I have never seen the original of that letter. I first learned of the existence of that letter on February 15, 2005 when I received the Declaration and its attachment from the government. Had I received the original "4/2/04" letter, I immediately would have taken some sort of action because its substance is directly at odds with what Mr. Caldwell had instructed me to do some 12 months earlier.

_____
Alexander H. Schwartz

Sworn and subscribed before me this 28th day of February, 2005.

_____
W. Parker Seeley, Jr.
Commissioner of the Superior Court

## File Memo

File:  David Caldwell

Date:  April 14, 2003

From: Alex

I had a phone call from Sketty at ~1:10p.m.  He was still at the Wyatt Detention facility. I asked him specifically if he wanted me to file an appeal on his behalf.  He said, "I'm good."  I then asked him again if he wanted me to file an appeal on his behalf and he said, "No."