UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID CALDWELL,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CRIMINAL NO.
3:02cr54 (SRU)

**RULING ON MOTION TO AMEND JUDGMENT**

David Caldwell, a/k/a/ Sketty, pled guilty to possession with intent to distribute a detectable quantity of cocaine base/crack cocaine. On April 9, 2003, I sentenced Caldwell principally to a term of 132 months' imprisonment. The sentence of imprisonment was a departure from the then-mandatory Sentencing Guidelines range, which I calculated on the basis of the career offender provisions of the Guidelines. U.S.S.G. § 4B1.1(b)(C) (2003).

On August 28, 2008, Caldwell filed a handwritten letter requesting a sentence reduction. On January 27, 2009, counsel for Caldwell filed a Motion To Amend Judgment, requesting relief under 18 U.S.C. § 3582(c)(2). The government has opposed that motion. For the reasons that follow, the motion to amend judgment is granted.

**I.    Background**

At sentencing, I found that Caldwell possessed with intent to sell 26.97 grams of crack cocaine. (Tr. Sentencing, Apr. 9, 2003, at 4-5.) Under the November 1, 2001 Sentencing Guidelines, that quantity resulted in a base offense level of 28. U.S.S.G. § 2D1.1(a)(3), (c)(6) (2001). Caldwell's Sentencing Guideline range, however, was calculated using a base offense level of 32, as a result of the operation of the career offender provisions. U.S.S.G. § 4B1.1(3)(C) (2001). After a three-level reduction for acceptance of responsibility, Caldwell's total offense

level was 29, and his criminal history category was VI, resulting in a Sentencing Guideline imprisonment range of 151 to 188 months' imprisonment.  (Tr. Sentencing, Apr. 9, 2003, at 6.)

I granted the defense motion for a downward departure from the Sentencing Guideline range "based upon the record of severe and extensive abuse of Mr. Caldwell as a child and my belief that that abuse has caused him mental and emotional pathology that in part is the cause of his criminal behavior." (*Id.* at 33.)  At sentencing, I did not explain my reasons for the extent of the departure, focusing instead on an effort to convince Caldwell to use the shorter sentence to turn his life around.  "I'm going to give you a little bit of a break today in your sentence but you've got to deal with your past and prevent it from causing any problem in the future.  You've got to deal with your drug addiction and prevent that causing you problems in the future.  And, again, that's going to – you are going to be the one who decides whether your sentence is an effective sentence or not by how you deal with it . . . ." (*Id.*)

Although I did not say so on the record, I departed to a sentence of 132 months' imprisonment by determining what the Sentencing Guideline range would have been if Caldwell's Guideline calculation had been determined by the quantity of crack cocaine attributable to him, rather than by his status as a career offender.  In light of the fact that the motion for a downward departure was, in my view, relatively weak, I chose a sentence near the top of the crack cocaine Guidelines range.

Caldwell later brought a motion pursuant to 28 U.S.C. § 2255, arguing principally that his counsel rendered ineffective assistance.  One of Caldwell's arguments was that his counsel should have challenged the factual finding of drug quantity.  I denied Caldwell's motion, holding that the ineffective assistance claim failed for lack of prejudice: "That claim is meritless because

[the] specific quantify [of crack] was irrelevant to Caldwell's statutory penalties and Guidelines calculation." *Caldwell v. United States*, 2008 WL 178474 at *3 (D. Conn. Jan. 17, 2008). I noted that the quantity finding did not affect Caldwell's statutory sentencing range. *Id.* at *4. "In addition, the drug quantity did not affect Caldwell's then-mandatory Sentencing Guidelines calculation." *Id.* at *4. When ruling on Caldwell's ineffective assistance claim, I had no reason to address the reasons for the particular sentence I imposed or the extent of the downward departure from the Sentencing Guideline range. Accordingly, I did not do so.

Unfortunately, the following portion of the section 2255 ruling apparently suggests to the government that I did address the reasons for the particular sentence and the extent of the downward departure: "Drug quantity played no role in calculating Caldwell's sentence. Caldwell's career offender status, not the quantity of drugs involved, determined his applicable sentence." *Id.* As their context should make clear, those statements were inartfully worded. I should have used more precise language: Drug quantity played no role in calculating Caldwell's *sentencing range*. Caldwell's career offender status, not the quantity of drugs involved, determined his applicable *sentencing range* under the Sentencing Guidelines. When departing downward, even from the then-mandatory Guidelines, I do not "calculate" a sentence; I "calculate" a sentencing range only. I depart to a particular sentence by exercising discretion and applying the factors set forth in 18 U.S.C. § 3553(a), which include "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

effective manner." 18 U.S.C. § 3553(a)(1)-(2).

**II.    Discussion**

Caldwell has moved for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the retroactive amendment of the Sentencing Guidelines that reduced by two levels the offense levels previously assigned to crack cocaine quantities. Section 3582(c)(2) provides that a defendant whose sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduced sentence. The Second Circuit has held that a person sentenced under the career offender provision of the Sentencing Guidelines is not eligible for a sentence reduction as a result of the crack cocaine amendments, because the career offender provision remain unaffected by those amendments. *United States v. Martinez*, __ F.3d __, 2009 WL 2004208, at *2 (2d Cir. July 13, 2009).

The Second Circuit has also held, however, that a defendant "who at sentencing was designated a career offender but granted a departure so that he was ultimately sentenced based on the crack cocaine (cocaine base) guidelines, is eligible for a reduced sentence pursuant to the so-called crack amendments." *United States v. McGee*, 553 F.3d 225, 225-26 (2d Cir. 2009). In that case, it was "apparent that McGee was sentenced 'based on' a sentencing guideline range that was subsequently lowered by the Sentencing Commission because the district court premised McGee's ultimate sentence on the crack cocaine guidelines." *Id.* at 227. In *McGee*, the District Judge explicitly stated at sentencing that she was departing from the career offender sentencing range "to the level that the defendant would have been in absent the career offender status calculation and consideration." *Id.* I have now explicitly stated in this ruling that I departed from the career offender sentencing range to the range that Caldwell would have been in absent

4

his career offender status.

I do not read *McGee* as holding that a career offender who receives a downward departure and who was actually sentenced based on the applicable crack cocaine offense level is ineligible for a sentence reduction unless the sentencing judge explicitly states *at sentencing* that the extent of the downward departure is based on the crack guidelines. Such a reading would lend itself to "excessive formalism." *Id.* at 228. Accordingly, I conclude that Caldwell, like McGee, is eligible for a reduction in sentence because he was ultimately sentenced based on the crack cocaine guidelines.

### III. Conclusion

The Motion to Amend Judgment (**doc. # 62**) is **GRANTED**. Caldwell's sentence of imprisonment is hereby reduced to 110 months. All other aspects of Caldwell's sentence remain unchanged.

It is so ordered.

Dated this 24th day of August 2009 at Bridgeport, Connecticut.

       /s/ Stefan R. Underhill
       Stefan R. Underhill
       United States District Judge